IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


TRICIA JOSEPH            )
                         )  No. 15-124
    v.                   )

CAROLYN W. COLVIN


**OPINION AND ORDER**

**SYNOPSIS**

In this social security appeal, Plaintiff's application for disability and disability insurance benefits was denied at the initial level and upon hearing by an administrative law judge ("ALJ"). Subsequently, the Appeals Council denied Plaintiff's request for review, by letter dated September 29, 2014. Plaintiff commenced this action on January 30, 2015.

Presently before the Court is Defendant's Motion to Dismiss this matter on timeliness grounds. The Court ordered Plaintiff to respond to Defendant's Motion by May 22, 2015; no response was filed. Upon telephone inquiry by Court staff one month later, Plaintiff indicated that she had mailed a response, and was instructed to send another copy. When no response was filed, the Court entered another Order requiring a response to the Motion to Dismiss, and stating that failure to respond would result in dismissal of the Complaint. Plaintiff filed a response, and the Motion is now ripe for disposition. For the following reasons, Defendant's Motion will be granted.

**OPINION**

Defendant moves to dismiss the Complaint pursuant to 42 U.S.C. §405(g), which sets forth the applicable appeals period:[1]

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The sixty-day appeal period presents a statute of limitations, rather than a jurisdictional requirement. Kramer v. Comm'r of Soc. Sec., 461 Fed. Appx. 167, 169 (3d Cir. Pa. 2012). In addition, the appeal period constitutes a waiver of sovereign immunity, which is to be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).

In this case, the letter mailed to Plaintiff, which was dated September 29, 2014, stated, "You have 60 days to file a civil action (ask for court review)"; apprised her that the sixty days start the day after she receives the letter, which is assumed to be five days after the date on the letter, unless she shows that she did not receive it within five days; and also apprised her that if she could not file for court review within sixty days, she may ask the Appeals Council to extend the time to file. Thus, sixty-five days expired on December 3, 2014. Plaintiff initiated this action on January 30, 2015, fifty-eight days after the expiration of the sixty-five day period. In sum, there can be no dispute that this matter was untimely commenced.

---

[1] I note that in substance of her Complaint and in the forms that she completed upon its filing, Plaintiff clearly identified this matter as an appeal of a social security disability determination, to which Section 405 applies. Although Plaintiff's response to the Motion to Dismiss refers to a jury, her Complaint rests solely on denial of her disability application.

I will, therefore, assess whether there are grounds for equitable tolling. Equitable tolling may apply "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). Equitable tolling is to be applied sparingly, and only under "extraordinary circumstances." Zied v. Barnhart, 418 Fed. Appx. 109, 114 (3d Cir. Pa. 2011). Here, while Plaintiff has expressed her desire that this matter survive dismissal, she does not proffer any assertions falling into the three situations that might call for tolling. Indeed, she offers no explanation whatsoever for the delay in filing. Moreover, she does not assert that she sought or received any extension of time from the Appeals Council. Accordingly, I find no cause in favor of tolling the limitations period.

It is axiomatic that the submissions of pro se litigants must be viewed liberally, and I have so viewed Plaintiff's submissions. Nonetheless, a pro se litigant is not excused, merely by virtue of being uncounseled or mistaken about the law, from complying with statutes of limitations. See Zied, 418 Fed. Appx. at 114. Plaintiff's sense of vexation is palpable, and I assure her that I have carefully considered her position. Nonetheless, I am bound to follow applicable regulations and law, which require under the circumstances that her Complaint be dismissed. An appropriate Order follows.

**ORDER**

AND NOW, this 4th day of September, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss is GRANTED, and this matter is dismissed. The clerk shall mark the case administratively closed.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court